# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:11CR255–HEH
)
CYNTHIA DAMARIZ SALAMANCA, )
)
Petitioner. )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2255 Motion for Lack of Jurisdiction)

On February 26, 2013, the Court received a 28 U.S.C. § 2255 Motion (ECF No. 76) captioned with Petitioner's name. Petitioner, however, did not sign the § 2255 Motion. Rather, Petitioner's mother, Sandra L. Abarca, signed the § 2255 Motion. (§ 2255 Mot. 14.) Ms. Abarca represents that she attempted to have her daughter sign the § 2255 Motion, but "prison officials would not allow me to let Cynthia sign the last page so I could mail it in for her." (*Id.*)

Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires that motions pursuant to 28 U.S.C. § 2255 "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing § 2255 Proceedings for the U.S. District Courts, Rule 2(b)(5). The Advisory Committee Notes to Rule 2(b) explain: "The Committee envisions that the courts would apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the motion on behalf of the movant." *Id.*, advisory committee notes, 2004 Amend. (citation omitted). A next friend does not "'become a party to the habeas corpus

action in which he [or she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest.'" *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited . . . ." *Id.*

To establish "next friend" standing:

> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id.* (quoting *Whitmore*, 495 U.S. at 163–64).

Petitioner's current submission fails to demonstrate that Ms. Abarca qualifies as a "next friend" for Petitioner. Ms. Abarca fails to demonstrate why Petitioner could not simply fill out the standardized 28 U.S.C. § 2255 form and prosecute the action on her own behalf. *See Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012); *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007); *Tate v. United States*, 72 F. App'x 265, 267 (6th Cir. 2003). Accordingly, the action will be dismissed for lack of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a

2

constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 29, 2013
Richmond, Virginia

3