IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:11CR255–1–HEH |
| ) | |
| CYNTHIA DAMARIZ SALAMANCA ) | |

**MEMORANDUM OPINION**
(Denying Motion to Vacate)

Cynthia Damariz Salamanca, a federal prisoner proceeding *pro se*, filed a "Motion to Vacate, set aside and or remand sentence pursuant to 18 U.S.C. § 3582" ("Motion to Vacate," ECF No. 176). Salamanca argues for a sentence reduction under 18 U.S.C. § 3582 pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Mot. Vacate 1.) Salamanca contends that her sentence is unconstitutional in light of *Alleyne*. Salamanca fails to identify any portion of 18 U.S.C. § 3582(c) that authorizes a reduction in or alteration of her sentence at this time.

Once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). To the extent Salamanca wishes to file a motion for a reduction in sentence under 18 U.S.C. § 3582, she may not raise challenges to her original sentence in such a motion. *See United States v. Dawkins*, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))).

Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011). Salamanca fails to identify any such retroactive amendment.

At this late date, the Court has very limited jurisdiction to alter or correct a criminal conviction or sentence.[1] A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citing *Cox v. Warden*, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). If Salamanca wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255, she must do so unequivocally and in accordance with the rules governing such actions. *Cf. United States v. Blackstock*, 513 F.3d 128, 132-33 (4th Cir. 2008) (explaining that the district court must advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled postconviction motion into a motion pursuant to § 2255). Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. *See* Rule 2(b), Rules Governing § 2255 Proceedings for the U.S. District Courts. The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt from Salamanca of the properly completed forms seeking such relief.

---

[1] Salamanca also mentions Federal Rule of Civil Procedure 60(b). (Mot. Vacate 5.) However, "[t]he Federal Rules of Civil Procedure do not provide a vehicle by which [a convicted defendant] may challenge his [or her] criminal judgment." *United States v. Bernier*, 421 F. App'x 292, 293 (4th Cir. 2011).

Because Salamanca fails to identify any procedural vehicle which authorizes the action she seeks, her Motion to Vacate (ECF No. 176) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: April 16, 2014
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE