

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:11CR255–HEH |
| | ) | |
| CYNTHIA DAMARIZ SALAMANCA, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Cynthia Damariz Salamanca, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence ("§ 2255 Motion," ECF No. 189).[1] The Government has responded, asserting, *inter alia*, that Salamanca's § 2255 Motion is barred by the statute of limitations. (ECF No. 194.) Salamanca has filed a Reply. (ECF No. 196.) For the reasons set forth below, Salamanca's § 2255 Motion will be dismissed as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

On September 30, 2011, a Criminal Complaint was filed, charging Salamanca with one count of conspiracy to make false statements and commit aggravated identity theft and social security fraud. (Criminal Complaint 1, ECF No. 4.) On October 18, 2011, a grand jury charged Salamanca with one count of conspiracy to commit identification fraud (Count One); one count of conspiracy to commit honest services fraud (Count

---

[1] The Court employs the pagination assigned to Salamanca's submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from Salamanca's submissions.

Two); and five counts of aggravated identity theft (Counts Three, Four, Five, Six, and Seven). (Indictment 1–15, ECF No. 51.) On November 21, 2011, Salamanca pled guilty to all counts. (Plea Agreement ¶ 1(a), ECF No. 74.) On February 22, 2012, the Court entered judgment against Salamanca and sentenced her to a total of 171 months of incarceration. (J. 2, ECF No. 126.) Salamanca did not appeal.

On February 26, 2013, the Court received a § 2255 motion captioned with Salamanca's name. Salamanca, however, did not sign the § 2255 motion. Rather, Salamanca's mother, Sandra L. Abarca, signed the § 2255 motion. (§ 2255 Mot. 14, ECF No. 154.) Ms. Abarca represented that she attempted to have her daughter sign the § 2255 motion, but "prison officials would not allow [her] to let Cynthia sign the last page so [she] could mail it in for her." (*Id.*) By Memorandum Opinion and Order entered on April 29, 2013, the Court dismissed the § 2255 motion for lack of jurisdiction. (*See* ECF Nos. 155, 156.) Specifically, the Court determined that Ms. Abarca did not qualify for "next friend" standing, and found that Salamanca failed "to demonstrate why [Salamanca] could not simply fill out the standardized 28 U.S.C. § 2255 form and prosecute the action on her own behalf." (ECF No. 155, at 2.)

On May 31, 2013, Salamanca, by counsel Jerome M. Brown, filed a Motion for Relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion," ECF No. 160). In her Rule 60(b) Motion, Salamanca asked that the Court "reconsider its previous Order dismissing [her § 2255 motion] and permit Counsel the opportunity to file a Memorandum in support of the 2255 filing already filed with the Court; or, in the

alternative, permit equitable tolling and allow Ms. Salamanca to file the signed [§ 2255 motion] she sent Counsel." (Rule 60(b) Mot. 6.)

By Memorandum Opinion and Order entered on January 10, 2014, the Court denied Salamanca's Rule 60(b) Motion. *United States v. Salamanca*, No. 3:11CR255-HEH, 2014 WL 108899, at *5 (E.D. Va. Jan. 10, 2014). The Court provided the following synopsis of the circumstances surrounding the filing of Salamanca's § 2255 motion:

> Towards the end of 2012, Ms. Abarca contacted Mr. Brown with respect to representing Ms. Salamanca in filing a § 2255 Motion. "[B]ecause the family . . . had difficulty obtaining sufficient funds to retain [Mr. Brown]," but was able to provide "sufficient funds for [Mr. Brown] to review this matter," counsel agreed to ghostwrite a § 2255 motion for Ms. Salamanca's signature. Accordingly, Mr. Brown "drafted a 2255 Petition and sent [the] same to Ms. Salamanca via U.S. Express Mail.[2] While that mail was sent on February 20, 2013, and was ready for pick-up on [Thursday,] February 21, 2013, the prison officials did not retrieve this package from the Post Office until [Monday,] February 25, 2013."
> Mr. Brown's attempts to phone prison officials to ensure that they timely provided Ms. Salamanca with the § 2255 Motion were unsuccessful. Accordingly, Mr. Brown suggested that Ms. Abarca visit Ms. Salamanca at the prison and have her sign the § 2255 Motion. Mr. Brown declined to personally undertake this course of action as he "was not retained to enter his appearance."
> Ms. Abarca visited Ms. Salamanca at the prison on Friday, February 22, 2013 and apparently discussed the urgent need for Ms. Salamanca to personally sign her § 2255 Motion. Prison officials, however, refused to allow Ms. Abarca to take in the signature page of the § 2255 Motion so that Ms. Salamanca could sign that page. Concerned that Ms. Salamanca's § 2255 Motion would be untimely, Mr. Brown advised Ms. Abarca to sign the § 2255 Motion and send it to the Court. On February 26, 2013, the Court received the § 2255 Motion signed by Ms. Abarca.

---

[2] Mr. Brown believed the deadline for filing the § 2255 Motion was March 4, 2013.

3

> On February 26, 2013, Ms. Salamanca received the § 2255 Motion drafted by Mr. Brown. Ms. Salamanca called her "mother to ask what [she] was to do with this document since [she] knew it had to be filed."[3] Ms. Abarca "told [Ms. Salamanca] not to worry about it because [Ms. Abarca] had sent it in for [her]." Nevertheless, Ms. Salamanca then promptly signed a § 2255 Motion drafted by Mr. Brown . . . and sent it to Mr. Brown.
> On March 5, 2013, Mr. Brown received the Signed § 2255 Motion from Ms. Salamanca. Nevertheless, Mr. Brown failed to file the Signed § 2255 Motion with the Court.

*Id.* at *2–3 (internal citations omitted) (first, second, third, fourth, seventh, eighth, ninth, tenth, twelfth, thirteenth, and fourteenth alterations in original). The Court concluded that Salamanca failed to demonstrate entitlement to relief under Rule 60(b)(1) and 60(b)(6). *Id.* at *3-4. On May 9, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Salamanca's appeal of the April 29, 2013 Memorandum Opinion and Order dismissing her § 2255 motion. *United States v. Salamanca*, 571 F. App'x 183, 184 (4th Cir. 2014). On November 24, 2014, the Fourth Circuit dismissed Salamanca's appeal of the January 10, 2014 Memorandum Opinion and Order denying her Rule 60(b) Motion. *United States v. Salamanca*, 585 F. App'x264, 264 (4th Cir. 2014).[4]

---

[3] Ms. Salamanca asserts that she "did not know exactly where to send [the § 2255 Motion] as [she has] no legal experience and English is [her] second language." The Court's experience with Ms. Salamanca dispels the notion that she has any significant difficulty understanding spoken or written English. Moreover, the standardized forms for filing a § 2255 motion the Court sent Salamanca on October 23, 2012 told her exactly where to file her § 2255 motion and explained that a one-year limitation period applied to § 2255 motions.

[4] On March 18, 2014, while Salamanca's appeals were pending, the Court received a "Pro Se Motion to Vacate, Set Aside, and or Remand Sentence Pursuant to 18 U.S.C. [§] 3582" from Salamanca. (ECF No. 176.) In that motion, Salamanca claimed that she was entitled to relief pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (*Id.* at 1.) By Memorandum Opinion and Order entered on April 17, 2014, the Court denied Salamanca's motion. (*See* ECF Nos. 179, 180.) The Court noted that "Salamanca fail[ed] to identify any portion of 18 U.S.C.

4

On November 24, 2014, Salamanca placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 12.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In her § 2255 Motion, Salamanca raises the following claims for relief:

Claim One: "Trial counsel failed to pursue a [U.S.S.G. §] 5K1 cooperation statement from the U.S. Attorney prior to sentencing." (§ 2255 Mot. 4.)

Claim Two: "Trial counsel failed to advise defendant that no consideration for her substantial cooperation would be given at sentencing." (*Id.*)

Claim Three: "Trial counsel failed to pursue a Rule 35(b) motion for her substantial cooperation post trial." (*Id.*)

Claim Four: "Defendant's plea was involuntary because (1) trial counsel failed to advise defendant that her substantial cooperation would not be considered at sentencing and (2) trial counsel failed to explain the difference between concurrent and consecutive sentences to the defendant." (*Id.* at 5.)

Claim Five: "Post-trial counsel Jerome M. Brown failed to properly file a[] [28] U.S.C. [§] 2255 petition on defendant's behalf." (*Id.* at 7.)

Claim Six: "Post-trial counsel Jerome M. Brown failed to pursue a Rule 35(b) motion on defendant's behalf." (*Id.*)

Prior to addressing the application of the statute of limitations, it is appropriate to dispense with Claims Three, Five, and Six, that fail to provide a basis for § 2255 relief. "[C]laims of error occurring in a . . . post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.

---

§ 3582(c) that authorize[d] a reduction in or alteration of her sentence at this time." (ECF No. 179, at 1.) The Court informed Salamanca that it "[would] process a request for relief under 28 U.S.C. § 2255 upon receipt from Salamanca of the properly completed forms seeking such relief." (*Id.* at 2.)

5

1988) (citing cases). This is so because Salamanca is detained as a result of the underlying federal conviction, not the federal collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Furthermore, Salamanca did not enjoy any constitutional right to counsel with respect to post-conviction motion for relief under Federal Rule of Criminal Procedure 35(b). *See United States v. Taylor*, 414 F.3d 528, 535–36 (4th Cir. 2005). Accordingly, Claims Three, Five, and Six will be dismissed.

### III. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Salamanca did not appeal, under 28 U.S.C. § 2255(f)(1), her conviction became final on Wednesday, March 7, 2012, the last date to file an appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Salamanca had until Thursday, March 7, 2013, to file any motion under 28 U.S.C. § 2255. While Salamanca's previous § 2255 motion was filed before Thursday, March 7, 2013, that motion was dismissed for want of jurisdiction on April 29, 2013. The instant § 2255 Motion was not filed until November 24, 2014, more than one year beyond the limitation period. Accordingly, it is untimely under 28 U.S.C. § 2255(f)(1).[5]

### B. Equitable Tolling

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

---

[5] Salamanca does not argue that she is entitled to have the limitation period tolled during the pendency of her first § 2255 motion. Moreover, courts have found that no such statutory tolling language exists under § 2255 as it does for 28 U.S.C. § 2254 petitions. *Cf. Trenkler v. United States*, 268 F.3d 16, 22–24 (1st Cir. 2001) (citation omitted) (explaining that § 2255 lacks the tolling language that is present in 28 U.S.C. § 2244(d)(2), thereby "giv[ing] rise to a negative inference that the statute of limitations for § 2255 is not tolled while federal prisoners pursue other forms of post-conviction relief" (citing *United States v. Prescott*, 221 F.3d 686, 689 (4th Cir. 2000))).

Even if Salamanca's prior § 2255 motion somehow tolled the limitation period while it was pending, Salamanca's § 2255 Motion would still be untimely. Salamanca filed the instant § 2255 Motion more than one year after the Court's April 29, 2013 Memorandum Opinion and Order dismissing her prior § 2255 motion.

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In her § 2255 Motion, Salamanca appears to suggest that she is entitled to equitable tolling because she "believed and understood that Attorney [Jerome] Brown would pursue, among other things, a [28] U.S.C. [§] 2255 petition on defendant's behalf. Attorney Brown failed to timely and properly pursue such action." (§ 2255 Mot. 11.) According to Salamanca, she "timely engaged and paid thousands of dollars to an attorney who directly violated the rules of this court, only to further fail defendant by neglecting to provide reasonably competent legal work once an official appearance had been filed." (Reply 1.) Salamanca argues that "[s]ince being abandoned by Attorney Brown, [she] has undertaken her own legal research with the knowledge and skills she obtained through legal studies undertaken at her facility, and has acted diligently to follow this court's direction." (*Id.*)

The Court recognizes that, in certain circumstances, post-conviction counsel's conduct can warrant the application of equitable tolling. *See, e.g., Baldayaque v. United States*, 338 F.3d 145, 152–53 (2d Cir. 2003) (concluding that equitable tolling applied because counsel failed to, *inter alia*, file a § 2255 motion, conduct legal research, and

speak to or meet with the petitioner); *United States v. Frank*, 23 F. App'x 659, 661 (9th Cir. 2001) (concluding that appointed counsel's failure to file a § 2255 motion justified the application of equitable tolling). No need exists to assess whether Jerome Brown's incompetent post-conviction assistance qualifies as an extraordinary circumstance because Salamanca has failed to show she has been pursuing her rights diligently.

The Court dismissed Salamanca's first § 2255 motion on April 29, 2013. (*See* ECF Nos. 155, 156.) On January 10, 2014, the Court denied Salamanca's Rule 60(b) Motion requesting relief from the Court's dismissal of her first § 2255 motion. *United States v. Salamanca*, No. 3:11CR255–HEH, 2014 WL 108899, at *5 (E.D. Va. Jan. 10, 2014). Salamanca then waited more than ten months before placing the § 2255 Motion in the prison mailing system to be forwarded to the Court. Given this, Salamanca has failed to show that she has been diligently pursuing her rights. "Simply put, [Salamanca] fails to demonstrate some external impediment, rather than [her] own lack of diligence, prevented [her] from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, Salamanca lacks entitlement to equitable tolling.

### C.     "Relation Back"

Salamanca also argues that under Rule 15(c) of the Federal Rules of Civil Procedure, her § 2255 Motion relates back to the § 2255 motion that was filed in 2013. (Reply 1.) Under this doctrine, a claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

Fed. R. Civ. P. 15(c)(1)(B). However, as set forth *supra* in Part I, the Court dismissed Salamanca's previous § 2255 motion on April 29, 2013, for lack of jurisdiction. "[T]he 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000); *see Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Accordingly, Salamanca cannot rely upon Rule 15 to render her § 2255 Motion timely filed. Thus, Salamanca has failed to demonstrate any basis for excusing her failure to comply with the statute of limitations.[6]

### III. CONCLUSION

For the foregoing reasons, Salamanca's § 2255 Motion (ECF No. 189) will be denied. The claims and the action will be dismissed. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

It is so ORDERED.

                                        /s/
                            HENRY E. HUDSON
                            UNITED STATES DISTRICT JUDGE

Date: Oct. 18, 2016
Richmond, Virginia

---

[6] Neither Salamanca nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4).

10